IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHMARA PUNCH<br>  PLAINTIFF, | §<br>§<br>§ | |
| | § | CIVIL ACTION NO. |
| v. | §<br>§ | _____ |
| CITY OF DESOTO and DESOTO<br>CHAMBER OF COMMERCE<br>  DEFENDANTS. | §<br>§<br>§<br>§<br>§ | |

JOINT NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Pursuant to 28 U.S.C. §§ 1441(a), 1441(c), and 1446, Defendants City of DeSoto and DeSoto Chamber of Commerce (the "Defendants") files this Joint Notice of Removal, removing the above-captioned action from the 162nd Judicial District Court of Dallas County, Texas, in which it is now pending, to the United States District Court for the Northern District of Texas, Dallas Division. In support of this Joint Notice of Removal, the Defendants state the following:

**I. INTRODUCTION**

1. Plaintiff is Shmara Punch. The Defendants are the City of DeSoto and the DeSoto Chamber of Commerce.

2. On November 14th, 2019, Plaintiff filed suit against the Defendants in the 162nd Judicial District Court of Dallas County, Texas under Cause No. DC-19-18317, in a matter styled *Shmara Punch v. City of DeSoto, DeSoto Chamber of Commerce* (the "State Court Action").

3. This lawsuit entails an employment dispute between the parties, whereby the Plaintiff is seeking damages stemming from her termination as an employee with the Defendants. Per the

Original Petition filed in the State Court Action, Plaintiff's causes of action are for (i) violation of the Texas Whistleblower Act; (2) defamation of character and (3) violation of Plaintiff's First Amendment rights. *See* Exhibit "3" attached hereto.

4. Defendant City of DeSoto was served with the Plaintiff's Original Petition on December 4th, 2019 and Defendant DeSoto Chamber of Commerce was served on December 9th, 2019. *See* Exhibits "7" and "8", respectively. Defendants file this Joint Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

## II. BASIS OF REMOVAL

5. Generally, a defendant may remove any civil action from state court to federal court if the action is one over which the federal court possesses original jurisdiction. *See* 28 U.S.C. § 1441(a) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). When a plaintiff joins in one action claims that are within the federal district courts' original jurisdiction and claims that are not within the federal district courts' original jurisdiction, the entire action is removable. *See* 28 U.S.C. § 1441(c)(1).

6. In the case at hand, removal is proper because Plaintiff's cause of action for violation of her First Amendment rights is a federal-question claim that arises under the Constitution of the United States. Therefore, this Court has original jurisdiction over this particular cause of action under. *See* 28 U.S.C. §§ 1331, 1441(a), (c).

7. Furthermore, Plaintiff's remaining causes of action are for violation of the Texas Whistleblower Act and for Defamation of Character, both of which are state law actions that are not within this Court's Original Jurisdiction. However, because Plaintiff's suit involves a

federal-question claim along with state law claims, Plaintiff's entire action can be removed. *See* 28 U.S.C. § 1441(c)(1).

### III. SUBJECT MATTER JURISDICTION

8.      Federal question jurisdiction exists in a civil matter when the "claim or right arises under the Constitution, laws or treaties of the United States." *See* 28 U.S.C. §§ 1331. Plaintiff's Original Petition alleges, *inter alia*, that the Defendants violated her First Amendment Rights under the United States Constitution. Therefore, this Court has subject matter jurisdiction over this particular cause of action because it is based upon federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a).

9.      In addition, because Plaintiff's remaining causes of action are for violation of the Texas Whistleblower Act and for Defamation of Character, both of which are state law claims that are so related to the Plaintiff's federal claim that is within this Court's Original Jurisdiction, they form part of the same case or controversy under Article III of the United States Constitution and, therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

### IV. PROCEDURAL ALLEGATIONS

10.      The Northern District of Texas, Dallas Division, is the federal district and division that encompasses the 162nd Judicial District Court of Dallas County, Texas. *See* 28 U.S.C. § 124(A)(1). This Joint Notice of Removal is filed within 30 days of having been served with Plaintiff's Petition or Citation and, therefore, is timely filed under 28 U.S.C. § 1446. Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

11.      Defendants have simultaneously given written notice of the filing of their Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the Clerk of

the 162nd Judicial District Court of Dallas County, Texas.  *See* 28 U.S.C. § 1446(d).

12. Pursuant to Local Rule 81.1, the following exhibits are attached hereto to this Notice of Removal:

- **Exhibit "1":** Index of all documents filed in the State Court Action;
- **Exhibit "2":** Docket Sheet in the State Court Action;
- **Exhibit "3":** Copies of all process, pleadings and orders filed in State Court. A filing fee in the amount of $400.00 has been paid to the District Clerk.

### V. PRAYER FOR RELIEF

WHEREFORE, Defendants City of DeSoto and DeSoto Chamber of Commerce respectfully request that this action proceed in this Court as an action properly removed from the 162nd District Court of Dallas County, Texas.

Respectfully submitted,

By: __/s/ R. Douglas Rees_____
**R. DOUGLAS REES**
State Bar No.: 16700600
doug.rees@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEY FOR DEFENDANT DESOTO CHAMBER OF COMMERCE**

            By: /s/ Gerald Bright
            **GERALD BRIGHT**
            State Bar No.: 02991720
            Gerald.Bright@wblpc.com
            **DAVID CRAFT**
            State Bar No.: 00790522
            David.Craft@wblpc.com

            **WALKER BRIGHT P.C.**
            100 North Central Expressway
            Suite 800
            Richardson, Texas 75080
            (972) 744-0192
            (972) 744-0067 (Fax)

            **ATTORNEYS FOR DEFENDANT CITY OF DESOTO**

### CERTIFICATE OF SERVICE

   I hereby certify that on the 6th day of January, 2020, a true and correct copy this document was served on counsel of record via Eservice as follows:

Christine Cane
CANE LAW FIRM LLC
5787 S. Hampton Road
Suite 203
Dallas, Texas 75232
(972) 290.0068
(972) 290-0039 – Fax
ccanelaw@gmail.com

Gerald Bright
David Craft
WALKER BRIGHT P.C.
100 North Central Expressway
Suite 800
Richardson, Texas 75080
(972) 744-0192
(972) 744-0067 (Fax)
Gerald.Bright@wblpc.com
David.Craft@wblpc.com

            By: /s/ R. Douglas Rees
            **R. DOUGLAS REES**