**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHMARA PUNCH | § | |
|     PLAINTIFF, | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | _____ |
| **CITY OF DESOTO and DESOTO** | § | |
| **CHAMBER OF COMMERCE** | § | |
|     **DEFENDANTS.** | § | |
| | § | |

**INDEX OF ATTACHED STATE COURT PLEADINGS AND FILING DATES**

| | | |
|---|---|---|
| A. | State Court Docket Sheet | 11/14/2019 |
| B. | Plaintiff's Original Petition | 11/14/2019 |
| C. | Citation Issued to Defendant City of DeSoto | 11/14/2019 |
| D. | Citation Issued to Defendant DeSoto Chamber of Commerce | 11/14/2019 |
| E. | Plaintiff's Request for Service | 11/27/2019 |
| F. | Service of Process on Defendant City of DeSoto | 12/10/2019 |
| G. | Service of Process on Defendant DeSoto Chamber of Commerce | 12/10/2019 |
| H. | Defendant City of DeSoto's Original Answer | 12/27/2019 |
| I. | Defendant DeSoto Chamber of Commerce's Original Answer | 12/27/2019 |
| J. | Defendant DeSoto Chamber of Commerce's First Amended Answer | 01/03/2020 |

## Case Information

DC-19-18317 | SHMARA PUNCH vs. CITY OF DESOTO et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-19-18317 | 162nd District Court | MOORE, MARICELA |
| File Date | Case Type | Case Status |
| 11/14/2019 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
PUNCH, SHMARA

Address
5787 S. HAMPTON RD
SUITE 203
DALLAS TX 75232

Active Attorneys▾
Lead Attorney
CANE, CHRISTINE M
Retained

DEFENDANT
CITY OF DESOTO

Address
SERVE M RENEE JOHNSON
211 E. PLEASANT RUN
DESOTO TX 75115

Active Attorneys▾
Lead Attorney
BRIGHT, GERALD
Retained

DEFENDANT
DESOTO CHAMBER OF COMMERCE

Address

Active Attorneys▾
Lead Attorney
REES, RAYMOND
DOUGLAS
Retained

SERVE CAROL CULLETT DESOTO CHAMBER CHAIR
304 N. HAMPTON RD
DESOTO TX 75115

## Events and Hearings

11/14/2019 NEW CASE FILED (OCA) - CIVIL

11/14/2019 ORIGINAL PETITION ▼

ORIGINAL PET.pdf

11/14/2019 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

11/19/2019 CITATION ▼

Anticipated Server
CONSTABLE 4

Anticipated Method
Actual Server
CONSTABLE 4

Returned
12/10/2019
Comment
CITY OF DESOTO

11/19/2019 CITATION ▼

Anticipated Server
CONSTABLE 4

Anticipated Method
Actual Server
CONSTABLE 4

Returned
12/10/2019
Comment
DESOTO CHAMBER OF COMMERCE

11/27/2019 REQUEST FOR SERVICE ▾

REQUEST FOR CITATION

COPY OF FIRST AMENDED PETITION

12/10/2019 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
EXECUTED CITATION - CITY OF DESOTO

12/10/2019 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
EXECUTED CITATION - DESOTO CHAMBER OF COMMERCE

12/23/2019 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORG ANSWER

12/27/2019 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORG ANSWER

01/03/2020 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

DEFENDANT DESOTO CHAMBER OF COMMERCE'S FIRST AMD ANS

Comment
DEFENDANT DESOTO CHAMBER OF COMMERCE'S 1ST

Case 3:20-cv-00029-D   Document 1-3   Filed 01/06/20   Page 5 of 40   PageID 15

## Financial

PUNCH, SHMARA

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $482.00 |
| Total Payments and Credits | | | | $482.00 |
| 11/18/2019 | Transaction Assessment | | | $308.00 |
| 11/18/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 78742-2019-DCLK | PUNCH, SHMARA | ($308.00) |
| 12/3/2019 | Transaction Assessment | | | $174.00 |
| 12/3/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 81974-2019-DCLK | PUNCH, SHMARA | ($174.00) |

## Documents

ORIGINAL PET.pdf

ISSUE CITATION

ISSUE CITATION

REQUEST FOR CITATION

COPY OF FIRST AMENDED PETITION

RETURN OF SERVICE

RETURN OF SERVICE

ORG ANSWER

ORG ANSWER

DEFENDANT DESOTO CHAMBER OF COMMERCE'S FIRST AMD ANS

2 CIT ESERVE

FILED
DALLAS COUNTY
11/14/2019 11:07 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:20-cv-00029-D   Document 1-3   Filed 01/06/20   Page 6 of 40   PageID 16

DC-19-18317

Stephanie Clark

CAUSE NO. _____

| | | |
|---|---|---|
| **SHMARA PUNCH** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | 162 |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **CITY OF DESOTO,** | § | |
| | § | |
| **DESOTO CHAMBER OF COMMERCE,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **DEFENDANTS.** | § | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

Shmara Punch, Plaintiff, by and through undersigned counsel, Christine Cane, complains of The City of Desoto and the Desoto Chamber of Commerce and for causes of action would show the Court and the Jury as follows:

1. Pursuant to Tex. R. Civ. Proc. Rule 190.3, discovery is intended to be conducted under Discovery Control Level II. Plaintiff reserves the right to request a discovery control plan from the Court pursuant to Rule 190.5.

### I. NATURE OF THE CASE

2. At all times relevant to this lawsuit, defendants were Ms. Punch's employer and Plaintiff was the employee of Defendants.

3. Ms. Punch expressed that specific board members for the Desoto Chamber of Commerce were misappropriating government funds. Additionally, Ms. Punch provided credible evidence to the City of Desoto showing the misappropriation of these funds. Shortly

thereafter, the City of Desoto and Desoto Chamber of Commerce, violated the Texas whistleblower act by firing Ms. Punch in retaliation.

4. The City of Desoto and Desoto Chamber of Commerce further purported to the Texas Workforce Commission that the reason for Ms. Punch's termination was because of alleged theft.  This libel to the workforce commission violates Texas statute that prohibits defamation of character.  The libel proved unfounded by the Texas Workforce Commission, who in turn, granted Ms. Punch her unemployment wages that were disputed.

5. Ms. Punch seeks reinstatement, other injunctive relief, lost wages, compensatory damages, and attorney's fees to compensate her for the wrongful termination actions of the City of Desoto and Desoto Chamber of Commerce.

6. Additionally, Ms. Punch asserts that she was discriminated against in violation of the Title VII anti-retaliation provisions which prohibits an employer from retaliating against an employee because she has participated and or assisted in an investigation.

## II.  PARTIES AND SERVICE

7. Plaintiff, SHMARA PUNCH ("Ms. Punch") is a citizen and resident of Dallas County, Texas.

8. Defendant, CITY OF DESOTO ("City of Desoto") is a government agency which may be served by  serving M. Renee Johnson, city manager at 211 E. Pleasant Run Rd., Desoto Texas, 75115; or by serving the Texas Secretary of State.

9. Defendant, DESOTO CHAMBER OF COMMERCE ("Desoto Chamber") is a government agency which may be served by serving Carol Cullett, Desoto Chamber Chair at 304 N Hampton Rd., Desoto Texas, 75115 or by serving the State of Texas Secretary of State.

### III. JURISDICTION AND VENUE

10.     This Court has jurisdiction of the Plaintiff's claims pursuant to Article 5 §8 of the Texas

Constitution and Texas Government Code §§24.007 & 24.008.

11.     The District courts of Dallas County, Texas have jurisdiction over this cause of action

because Plaintiff's damages are in excess of the jurisdictional minimum amount in controversy

for such courts.

12.     Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice and Remedies

Code §15.001 because that is where all or part of the cause of action accrued.

### IV.  JURISDICTIONAL PREREQUISITES

13.     Plaintiff has exhausted all applicable administrative grievance procedures relevant to

this cause of action and has timely filed this suit in accordance with applicable statutes.

### V.  FACTUAL BACKGROUND

14.     Ms. Punch was employed at all times relevant to this matter, with the City of Desoto and

Desoto Chamber of Commerce.  Specifically, Ms. Punch's job was in sales and entailed securing

businesses to join the chamber.

15.     On or about 11/27/2018 to 1/1/2019 Ms. Punch was instructed by the Desoto Chamber

of Commerce's Chair, Carol Cullet, to investigate former CEO Laura Terhune for possible

misappropriation of city funds.

16.      On or about October 21, 2018, Ms. Punch met with Desoto Chamber of Commerce

board members to inform them of some of the findings of her investigation.  Ms. Punch

revealed specific misappropriations by Laura Terhune, Doug Hunt, David Hunt, and Kenneth

Golden all of which were board members at the time.

PLAINTIFF'S ORIGINAL PETITON AND JURY DEMAND                                    3 OF 7

17.     Shortly after Ms. Punch reported some of her findings of misappropriation, Ms. Punch

experienced hostility at the workplace which ultimately lead to termination of her employment.

18.     On or about August 15, 2019, Ms. Punch filed a charge of Discrimination and retaliation

with the Texas Workforce Commission.  The Commission completed its investigation and gave

Ms. Punch the right to sue.

19.      Additionally, Desoto Chamber of Commerce and the City of Desoto responded to the

complaint with Texas Workforce Commission that the reason for terminating Ms. Punch was

because she stole funds from the Desoto Chamber, which accusation is untrue.

IV.  CAUSES OF ACTION

COUNT I-VIOLATION OF THE WHISTLEBLOWER ACT/RETALIATION

20.     The preceding paragraphs are incorporated by reference in the following claims for

relief.

21.     Ms. Punch would show that the aforementioned conduct constitutes a violation of the

Texas Whistleblower Act, which prohibits a governmental entity from retaliating against an

employee who is good faith reports a violation of law to an appropriate authority.

22.     Ms. Punch clearly established rights under the Texas Whisteblower Act were violated by

the City of Desoto and Desoto Chamber when it wrongfully terminated Ms. Punch's

employment in retaliation for her good faith reports of violations of law.

23.     As a direct and proximate result of Defendant's wrongful conduct, Ms. Punch has and

will continue to suffer loss of pay, benefits, and other monetary damages, loss of earning

capacity, damage to her reputation, mental anguish, loss of enjoyment of life, and attorney's

fees, costs and expenses.

COUNT II- DEFAMATION OF CHARACTER

24.     The preceding paragraphs are incorporated herein by reference in the following claim

for relief.

25.     Defendant's made statements to Board members and City employees as the basis for

Ms. Punch's termination was that she had committed acts of theft of Desoto Chamber funds.

Additionally, this libel is also recorded in the Defendant's response to the Texas Workforce

Commission.

26.     Ms. Punch maintains that she has never illegally taken any funds from Desoto Chamber

of Commerce nor the City of Desoto.  Such accusations has cause Ms. Punch irreparable

damage to her character among those in her community.  Additionally, said libel has damaged

her reputation, earning capacity, and caused Ms. Punch extreme emotional distress.

COUNT III- VIOLATION OF FIRST AMENDMENT

27.     The preceding paragraphs are incorporated by reference in the following claim for relief.

28.     Ms. Punch's concerns expressed to members of the City of Desoto and Desoto Chamber

of Commerce relating to misuse or misappropriation of Desoto Chamber funds was a serious

matter of legitimate public concern.

29.     Defendants City of Desoto and Desoto Chamber of Commerce terminated Ms. Punch's

employment in retaliation for Ms. Punch's protected speech on matters of legitimate public

concern in violation of Ms. Punch's rights of freedom of speech guaranteed by the First and

Fourteenth Amendments to the United States Constitution.

30.     The actions of Defendants, the City of Desoto and Desoto Chamber, deprived Ms. Punch

of her First Amendment Rights provided to her by the provisions of the due process clause of

the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C §1983.

31.     Defendants, the City of Desoto and Desoto Chamber, acted without authorization of law, willfully, knowingly, and purposely, with the specific intent of depriving Ms. Punch of her First Amendment rights of free speech.

## V.  DAMAGES

32.     As a direct and proximate result of Defendants' actions, Ms. Punch suffered and continues to suffer loss of comparable employment, loss of past and future income, loss of past and future employment benfits, loss of future earning capacity, and suffered and continues to suffer emotional distress, humiliation, embarrassment, loss of opportunities for career advancement, and damage to reputation.

## VI.  EXEMPLARY DAMAGES

33.     Ms. Punch would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of Ms. Punch. In order to punish Defendants for engaging in unlawful retaliation and to deter such actions and/or omissions in the future, Ms. Punch also seeks recovery from Defendants for exemplary damages.

## VII.  JURY DEMAND

34.     Plaintiff hereby requests a trial by jury of all issues of fact in this case and herewith tenders the jury fee.

PLAINTIFF'S ORIGINAL PETITON AND JURY DEMAND                                    6 OF 7

## VIII.  RELIEF SOUGHT

35.     Plaintiff seeks prospective relief of reinstatement of employment and an injunction to prevent future violations of Plaintiff's civil rights by Defendants.

36.     Plaintiff seeks monetary relief against Defendants for damages set forth in this Petition, including but not limited to damages for violations of the Texas Whistleblower Act, Defamation of Character, and violations of free speech.

37.     Such other relief as the law and/or this Court deems necessary.

## VIIII.  PRAYER

38.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited and appear herein, and that upon final trial hereof, that Plaintiff recover judgment against Defendants for her damages in a sum far in excess of the minimal jurisdictional limits of this Court. Plaintiff additionally prays for both compensatory and punitive damages, reasonable attorney's fees, prejudgment and post-judgment interest, court costs, and for such other relief, both general and special at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

CANE LAW FIRM, LLC
5787 S. HAMPTON RD. STE. 203
DALLAS, TX  75232
972.290.0068
972.290.0039


_____/S/ Christine Cane_____
State Bar No.:  24091087
ccanelaw@gmail.com

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**CITY OF DESOTO**
**SERVING M. RENEE JOHNSON, CITY MANAGER**
**211 E. PLEASANT RUN**
**DESOTO TX 75115**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHMARA PUNCH**

Filed in said Court **14th day of November, 2019** against

**CITY OF DESOTO AND DESOTO CHAMBER OF COMMERCE**

For Suit, said suit being numbered **DC-19-18317**, the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of November, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
          DANIEL MACIAS



---

**PCT 4**

**CITATION**

**DC-19-18317**

**SHMARA PUNCH**
**vs.**
**CITY OF DESOTO et al**

**ISSUED THIS**
**19th day of November, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

---

**Attorney for Plaintiff**
CHRISTINE M CANE
CANE LAW FIRM PLLC
5787 S. HAMPTON RD. STE 203
DALLAS TX 75232
972-290-0068
ccanelaw@gmail.com

**DALLAS COUNTY CONSTABLE**
**FEES PAID**     **FEES NOT PAID**

# OFFICER'S RETURN

Case No. : DC-19-18317

Court No.162nd District Court

Style: SHMARA PUNCH

vs.

CITY OF DESOTO et al

Came to hand on the _____day of_____, 20_____, at_____o'clock_____.M. Executed at _____,

within the County of_____at_____o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____. | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**DESOTO CHAMBER OF COMMERCE**
**SERVING CAROL CULLETT, DESOTO CHAMBER CHAIR**
**304 N HAMPTON RD.**
**DESOTO TX 75115**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHMARA PUNCH**

Filed in said Court **14th day of November, 2019** against

**CITY OF DESOTO AND DESOTO CHAMBER OF COMMERCE**

For Suit, said suit being numbered **DC-19-18317,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of November, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
         DANIEL MACIAS

---

**PCT 4**

**CITATION**

**DC-19-18317**

**SHMARA PUNCH**
**vs.**
**CITY OF DESOTO et al**

**ISSUED THIS**
**19th day of November, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
CHRISTINE M CANE
CANE LAW FIRM PLLC
5787 S. HAMPTON RD. STE 203
DALLAS TX 75232
972-290-0068
ccanelaw@gmail.com

**DALLAS COUNTY CONSTABLE**
**FEES PAID**       **FEES NOT PAID**

# OFFICER'S RETURN

Case No. : DC-19-18317

Court No.162nd District Court

Style: SHMARA PUNCH

vs.

CITY OF DESOTO et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By _____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____.

019528

FILED

2019 DEC 10 PM 2: 13

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:

**CITY OF DESOTO**
**SERVING M. RENEE JOHNSON, CITY MANAGER**
**211 E. PLEASANT RUN**
**DESOTO TX 75115**
3 I 11-19

GREETINGS: 732 438-003

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.



Said Plaintiff being SHMARA PUNCH

Filed in said Court **14th day of November, 2019** against

**CITY OF DESOTO AND DESOTO CHAMBER OF COMMERCE**

For Suit, said suit being numbered **DC-19-18317,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of November, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

Route Clerk:
Date Entry Clerk:
Disposition Clerk:

By _____, Deputy
DANIEL MACIAS

| PCT 4 |
| --- |
| **CITATION** |
| DC-19-18317 |
| **SHMARA PUNCH**<br>**vs.**<br>**CITY OF DESOTO et al** |
| ISSUED THIS<br>**19th day of November, 2019** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: DANIEL MACIAS, Deputy |

**Attorney for Plaintiff**
CHRISTINE M CANE
CANE LAW FIRM PLLC
5787 S. HAMPTON RD. STE 203
DALLAS TX 75232
972-290-0068
ccanelaw@gmail.com



**DALLAS COUNTY CONSTABLE**
FEES PAID    FEES NOT PAID

EDWARD WRIGHT
CONSTABLE PCT 4
DALLAS COUNTY, TEXAS

19 DEC -4  PM 2: 38

THIS PROCESS WAS SERVED UPON YOU

AT  1458  O'CLOCK ____M

12-5-19

EDWARD WRIGHT, CONSTABLE PCT 4

BY: _____
                DEPUTY

# OFFICER'S RETURN

Case No. : DC-19-18317

Court No.162nd District Court

Style: SHMARA PUNCH

vs.

CITY OF DESOTO et al

Came to hand on the _____ day of **DEC 04 2019** 20_____, at **14 - 38** _____.M. Executed at *211 E. Pleasant Run De Soto Tx 75115*

within the County of _____ at *1458* o'clock _____.M. on the _____ day of *12-5-19*

20_____, by delivering to the within named

*Renee Johnson*

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation **$ 80.00**

For mileage       $_____

For Notary        $_____

EDWARD WRIGHT
DALLAS COUNTY CONSTABLE PCT 4
205 W CHURCH ST, STE 110
GRAND PRAIRIE, TX 75050

By _____ Deputy

M. DELARA

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS
0195.29

**FILED**
2019 DEC 10 PM 2: 13

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

To:
DESOTO CHAMBER OF COMMERCE
SERVING CAROL CULLETT, DESOTO CHAMBER CHAIR
304 N HAMPTON RD.
DESOTO TX 75115

3I 1L9    83D 438203

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

~~EXECUTED~~

Said Plaintiff being **SHMARA PUNCH**

Filed in said Court **14th day of November, 2019** against

**CITY OF DESOTO AND DESOTO CHAMBER OF COMMERCE**

For Suit, said suit being numbered <u>DC-19-18317,</u> the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of November, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    DANIEL MACIAS

Route Clerk:
Date Entry Clerk:
Disposition Clerk:

---

PCT 4

CITATION

DC-19-18317

SHMARA PUNCH
vs.
CITY OF DESOTO et al

ISSUED THIS
**19th day of November, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
CHRISTINE M CANE
CANE LAW FIRM PLLC
5787 S. HAMPTON RD. STE 203
DALLAS TX 75232
972-290-0068
ccanelaw@gmail.com

**DALLAS COUNTY CONSTABLE**
**FEES**        FEES NOT
**PAID**        PAID

EDWARD WRIGHT
CONSTABLE PCT 4
DALLAS COUNTY, TEXAS

19 DEC -4  PM 2: 38

THIS PROCESS WAS SERVED UPON YOU

AT _1005_ O'CLOCK ____M

12-9-19

EDWARD WRIGHT, CONSTABLE PCT 4

BY: _____
                    DEPUTY

$I-P$

G-769-3815
Kenneth Govan

# OFFICER'S RETURN

Case No. : DC-19-18317

Court No.162nd District Court

Style: SHMARA PUNCH

vs.

CITY OF DESOTO et al

Came to hand on the _____ day of **DEC 0 4 2019** 20_____, at **1 4** o'clock _____ .M. Executed at _304 N. Hampton Rd_ _DeSoto Tx 75115_

within the County of _____ at _1005_ o'clock _A_ .M. on the _____ day of _12-9-19_

20_____, by delivering to the within named

_DeSoto Chamber of Commerce by Serving Chairman Kenneth Gousa_
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | **$ 80.00** | EDWARD WRIGHT |
| For mileage | $_____ | DALLAS COUNTY CONSTABLE PCT 4 |
|  |  | 106 W CHURCH ST, STE 110 |
| For Notary | $_____ | of GRAND PRAIRIE County 75050 |
|  |  | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

**M. DELARA**

Signed and sworn to by the said_____ before me this_____ day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

Re: [External Sender]Shmara Punch v. Desoto Chamber of Commerce



Michael Delara

Mon 09-Dec-19 08:43

To: Cane Law Firm, PLLC <ccanelaw@gmail.com>

Thank you. I'll take care of it but serving the new Chairman, Kenneth Govan.

Officer M.A. De Lara #438
Cell: 940-441-3567
(In God I Trust!)

Praise be to the LORD my Rock, who trains my hands for battle, my fingers for warfare.
- Psalm 144:1

(FOUO) FOR OFFICIAL USE ONLY

**From:** Cane Law Firm, PLLC <ccanelaw@gmail.com>
**Sent: Thursday, December 5, 2019 3:05:28 PM**
**To:** Michael Delara <Michael.Delara@dallascounty.org>
**Subject:** [External Sender]Shmara Punch v. Desoto Chamber of Commerce



Constable Delara,

Per our conversation, I have requested service of process on Desoto Chamber of Commerce. I erroneously put Carol Cullet as the Chair and person to be served, please excuse my mistake. It is preferred that you serve the current Chair of the Chamber of Commerce for Desoto.

Thanks for your assistance!

Christine Cane, Esq.
Cane Law Firm
5787 S. Hampton Rd. Ste. 203
Dallas, TX 75233
972.290.0068
972.290.0039 (fax)
canefirm.com

This e-mail transmission, including any attachments, is intended only for the named recipient(s) and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you have received this transmission in error, or are not the named recipient(s), please notify Cane Law Firm, LLC immediately by return e-mail and permanently delete this transmission, including any attachments.

**This message came from outside of Dallas County Government. Please be thoughtful before you click a link or provide your login information!**

FILED
DALLAS COUNTY
12/23/2019 4:50 PM
FELICIA PITRE
DISTRICT CLERK
Kevin Molden

Case 3:20-cv-00029-D   Document 1-3   Filed 01/06/20   Page 24 of 40   PageID 34

## CAUSE NO. DC-19-18317

| | | |
|---|---|---|
| SHMARA PUNCH,<br>        **Plaintiff,** | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 162ND JUDICIAL DISTRICT |
| CITY OF DESOTO; and<br>DESOTO CHAMBER OF COMMERCE,<br>        **Defendant.** | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

## DEFENDANT CITY OF DESOTO'S ORIGINAL ANSWER

COMES NOW Defendant, the City of DeSoto (the "City"), and files this its Original Answer to Plaintiff's Original Petition and Jury Demand ("Petition") and state as follows:

### I.     GENERAL DENIAL

Defendant City generally denies the allegations in Plaintiff's Petition and demands strict proof thereof.

### II.     DEFENSES AND AFFIRMATIVE DEFENSES

Defendant City asserts the following as affirmative defenses:

1.  All or part of Plaintiff's claims are barred by the applicable statutes of limitation.

2.  The Petition does not state a claim upon which relief can be granted for retaliation under Chapter 554 of the TEXAS GOVERNMENT CODE.

3.  Plaintiff's retaliation claim(s) fail to the extent that she cannot show that she engaged in protected activity or that she experienced an adverse employment action by the City as a result of the alleged protected activity.

4.  Plaintiff's claims for relief are barred to the extent they exceed that available under Texas law.

5.  Plaintiff's claims are barred, in whole or in part, by estoppel or by her own voluntary conduct.

6. Defendant City denies that it took any actions with respect to Plaintiff but asserts that any alleged actions taken with regard to the Plaintiff were taken in good faith, for legitimate, non-retaliatory reasons; alternatively, if Plaintiff establishes that any alleged protected activity was considered in any alleged adverse employment action, Defendant City asserts that it would have taken the adverse action in any event.

7. Defendant City denies that it took any actions with respect to Plaintiff but asserts that any adverse action taken against Plaintiff was based solely on information, observation, or evidence that is was not related to Plaintiff's alleged report and protected activity.

8. Defendant City denies that it took any actions with respect to Plaintiff but asserts that Plaintiff's retaliation claim under Chapter 554 of the TEXAS GOVERNMENT CODE fails because she cannot show that any alleged protected activity was a but-for cause of any alleged adverse employment action committed by the City.

9. Alternatively, Plaintiff's retaliation claim under Chapter 554 of the TEXAS GOVERNMENT CODE fails because she cannot show that any alleged protected activity was a motivating factor in any alleged adverse employment action taken by the City.

10. Defendant City invokes all applicable damages cap or limitations, including but not limited to those set forth in §§554.001, *et seq.*, of the TEXAS GOVERNMENT CODE and §41.001, *et seq.*, of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

11. Defendant City specifically denies any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to compensatory damages as requested by Plaintiff. Defendant City further denies that any acts and/or omissions alleged by Plaintiff amount to malicious and/or reckless conduct.

12. Defendant City further asserts as an affirmative defense, that Plaintiff failed to mitigate her damages.

13. Defendant City pleads that Plaintiff has failed to state a claim upon which relief can be granted as to all claims asserted by Plaintiff.

14. Defendant City pleads that no deprivation of Plaintiff's rights occurred with regard to the matters about which Plaintiff complains.

15. Defendant City pleads that it did not engage in any actions that resulted in the violation of any of Plaintiff's constitutional rights, nor did it direct, order or authorize any other person to do so.

16. Defendant City pleads that its actions were at all times lawful, that its actions were objectively reasonable, and that it did not violate clearly established law of which a reasonable person would have known.

17. Defendant City pleads that all actions taken by the City, if any, at all relevant times, were taken by a public or government official, employed at the time of the incident in question by the City; that it is entitled to qualified immunity from suit and from damages in the present cause; and that on the occasion in question, any actions taken by the City were taken without malice; without an intent to deprive Plaintiff of any legally protected rights; with a reasonable good faith belief that the actions taken by the City, if any, were lawful, proper, and within and pursuant to the scope of the City employee's discretionary authority; and that no clearly established law of which a reasonable person would have known was violated.

18. Defendant City pleads that no act or omission on its part proximately caused any of Plaintiff's alleged injuries or damages.

  
19. Defendant City pleads that Plaintiff's alleged damages, if any, were caused by Plaintiff's own actions or by the actions of others and not by any actions of Defendant, so that the doctrine of comparative causation applies to this case.

20. In addition to the foregoing defenses, Defendant City reserves the right to assert any other defenses available under applicable law, by Order of this Court, or otherwise.

### III.    PRAYER

**WHEREFORE,** Defendant City respectfully requests that the Court dismiss Plaintiff's action with prejudice, grant a take-nothing judgment in favor of Defendant City, and award Defendant City its attorney's fees and costs of court. Defendant City further requests any other relief at law and in equity to which it is justly entitled.

Respectfully submitted,

WALKER BRIGHT P.C.
100 North Central Expressway, Suite 800
Richardson, Texas  75080
Telephone:      (972) 744-0192
Facsimile:       (972) 744-0067
Email:            efiledallas@wblpc.com

BY:  ___s/s Gerald Bright_____
          Gerald Bright
          State Bar No. 02991720
          David L. Craft
          State Bar No. 00790554
          Courtney L. Myers
          State Bar No. 24102261

          ATTORNEYS FOR DEFENDANT
          CITY OF DESOTO

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Defendant City of DeSoto's Original Answer* has been sent to opposing counsel and/or the persons listed below by electronic service, certified mail, return receipt requested or by email, as reflected below, on this the 23rd day of December, 2019.

Christine Cane, Esq.                                    *Via Texas Efile Eservice*
Cane Law Firm, LLC
5757 S. Hampton Road, Suite 203
Dallas, TX  75232
*Attorney for Plaintiff*

Doug Rees, Esq.                                        *Via Texas Efile Eservice*
Cooper & Scully PC
900 Jackson Street, #100
Dallas, TX  75202
*Attorney for Defendant*

                                        /s/ Gerald Bright
                                        Gerald Bright/David L. Craft

FILED
DALLAS COUNTY
12/27/2019 11:05 AM
FELICIA PITRE
DISTRICT CLERK

Kevin Molden

Case 3:20-cv-00029-D   Document 1-3   Filed 01/06/20   Page 29 of 40   PageID 39

## CAUSE NO. DC-19-18317

| | | |
|---|---|---|
| SHMARA PUNCH | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 162ND JUDICIAL DISTRICT |
| | § | |
| CITY OF DESOTO, DESOTO CHAMBER | § | |
| OF COMMERCE | § | DALLAS COUNTY, TEXAS |

SHMARA PUNCH § IN THE DISTRICT COURT

V. § 162ND JUDICIAL DISTRICT

CITY OF DESOTO, DESOTO CHAMBER OF COMMERCE § DALLAS COUNTY, TEXAS

---

### DEFENDANT DESOTO CHAMBER OF COMMERCE'S ORIGINAL ANSWER WITH AFFIRMATIVE DEFENSES

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DeSoto Chamber of Commerce ("Defendant"), a named Defendant in the above-entitled and numbered cause, and files this it's Original Answer with Affirmative Defenses and for such would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant generally denies each and every allegation, both singular and plural, averred in Plaintiff's Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### VERIFIED DENIAL

2. Defendant specifically denies, pursuant to Rule 93(1) of the TEXAS RULES OF CIVIL PROCEDURE, that Plaintiff has the legal capacity to sue Defendant for violation of the Texas Whistleblower Act (as Codified under Chapter 554 of the TEXAS GOVERNMENT CODE) as alleged in Plaintiff's Original Petition. Specifically, Defendant is neither a "Local" nor "State" Government Entity as defined under §§554.001(2) and (5) of the TEXAS GOVERNMENT CODE.

Furthermore, Plaintiff is not a "Public Employee" of the Defendant as defined under §§554.001(4) of the TEXAS GOVERNMENT CODE.

### III
### AFFIRMATIVE DEFENSES

Defendant hereby sets forth the following affirmative defenses, pleading in the alternative, and pleading only such defenses as are necessary, as all liability is denied:

3. Pleading further in the alternative, as all liability is denied, Defendant asserts that the Plaintiff's claims are barred, in whole or in part, because Defendant acted pursuant to a legal excuse and/or was justified to act in terminating the Plaintiff's employment with the Defendant, to which the Plaintiff now complains of.

4. Pleading further, as all liability is denied, Defendant asserts that the Plaintiff's recovery of any alleged compensatory and punitive damages is based upon claims that falls under the Texas Commission on Human Rights Act and, therefore, is limited and is governed by §21.2585(d) of the TEXAS LABOR CODE. Accordingly, the Plaintiff's recovery, if any, is limited to the relevant statutory cap pursuant to §21.2585(d) as against Defendant to the extent that the Defendant proves the number of employees it had for the period of time relevant to the Plaintiff's claims, otherwise Plaintiff's damages are capped at the maximum allowed under §21.2585(d) of the TEXAS LABOR CODE.

5. Pleading further in the alternative, as all liability is denied, Defendant avails itself of the limitations on liability applicable under Texas law.

### IV.
### EVIDENCE OF NET LOSS

6. Defendant affirmatively pleads that pursuant to §18.091(a) of the TEXAS CIVIL PRACTICE REMEDIES CODE, to the extent that the Plaintiff seeks recovery for loss of earnings and loss of

earning capacity, Plaintiff must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability under federal income-tax law. Defendant requests that the jury be instructed that any loss of earnings or loss of earning capacity damages the Plaintiff may recover are subject to federal or state income taxes.

**V.**

**EXEMPLARY-DAMAGES CAP**

7. Pleading further in the alternative, as all liability is denied, Defendant asserts that if Defendant is found liable for exemplary damages, those damages must be capped under the Texas Damages Act, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

**VI.**

**PRODUCTION OF DOCUMENTS SELF-AUTHENTICATING**

8. Defendant hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant DeSoto Chamber of Commerce prays that upon final hearing hereon, Plaintiff takes nothing by way of her claims against Defendant, that Defendant recover all costs expended on its behalf, and for such other and further relief, both general and special, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:  \_\_/s/ R. Douglas Rees_____
     **R. DOUGLAS REES**
     State Bar No.: 16700600
     doug.rees@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEY FOR DEFENDANT
DESOTO CHAMBER OF COMMERCE**

## VERIFICATION

STATE OF TEXAS     §
                   §
COUNTY OF DALLAS §

**BEFORE ME**, the undersigned Notary Public, on this day personally appeared R. DOUGLAS REES, being by me duly sworn on his oath deposed and said that he is duly qualified and authorized in all respects to make this Verification and has personal knowledge of the relevant facts; that he has read all paragraphs of Defendant's Original Answer and that the statements contained therein are within his personal knowledge and are true and correct.

                **R. DOUGLAS REES**

    **SUBSCRIBED AND SWORN** to before me on the 27th day of December, 2019, to certify which, witnesses my hand and official seal of office.

Mary K. Creekbaum
Notary Public, State of Texas
Notary ID 12407818-5
My Commission Exp. 02-02-2022

My Commission Expires:

                Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2019, a true and correct copy this document was served on counsel of record via Eservice as follows:

Christine Cane
CANE LAW FIRM LLC
5787 S. Hampton Road
Suite 203
Dallas, Texas 75232
(972) 290.0068
(972) 290-0039 – Fax
ccanelaw@gmail.com

Gerald Bright
David Craft
WALKER BRIGHT P.C.
100 North Central Expressway
Suite 800
Richardson, Texas 75080
(972) 744-0192
(972) 744-0067 (Fax)
Gerald.Bright@wblpc.com
David.Craft@wblpc.com

By:    /s/ R. Douglas Rees
**R. DOUGLAS REES**

FILED
DALLAS COUNTY
1/3/2020 2:28 PM
FELICIA PITRE
DISTRICT CLERK

CAROLYN SELLERS

Case 3:20-cv-00029-D   Document 1-3   Filed 01/06/20   Page 34 of 40   PageID 44

## CAUSE NO. DC-19-18317

| | | |
|---|---|---|
| **SHMARA PUNCH** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | |
| | § | **162ND JUDICIAL DISTRICT** |
| | § | |
| **CITY OF DESOTO, DESOTO CHAMBER** | § | |
| **OF COMMERCE** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT DESOTO CHAMBER OF COMMERCE'S FIRST AMENDED ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DeSoto Chamber of Commerce ("Defendant"), a named Defendant in the above-entitled and numbered cause, and files this its First Amended Answer and for such would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant generally denies each and every allegation, both singular and plural, averred in Plaintiff's Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### VERIFIED DENIAL

2. Defendant specifically denies, pursuant to Rule 93(1) of the TEXAS RULES OF CIVIL PROCEDURE, that Plaintiff has the legal capacity to sue Defendant for violation of the Texas Whistleblower Act (as Codified under Chapter 554 of the TEXAS GOVERNMENT CODE) as alleged in Plaintiff's Original Petition. Specifically, Defendant is neither a "Local" nor "State" Government Entity as defined under §§554.001(2) and (5) of the TEXAS GOVERNMENT CODE.

Furthermore, Plaintiff is not a "Public Employee" of the Defendant as defined under §§554.001(4) of the TEXAS GOVERNMENT CODE.

## III
## AFFIRMATIVE DEFENSES

Defendant hereby sets forth the following affirmative defenses, pleading in the alternative, and pleading only such defenses as are necessary, as all liability is denied:

3. Pleading further in the alternative, as all liability is denied, Defendant asserts that the Plaintiff's claims are barred, in whole or in part, because Defendant acted pursuant to a legal excuse and/or was justified to act in terminating the Plaintiff's employment with the Defendant, to which the Plaintiff now complains of.

4. Pleading further in the alternative, as all liability is denied, Defendant asserts that the Plaintiff's cause of action for Defamation against the Defendant is barred, in whole or in part, on the basis that the defamatory statements as alleged by the Plaintiff are protected by the common-law qualified privilege.

5. Pleading further in the alternative, as all liability is denied, Defendant asserts that the Plaintiff's recovery of any alleged compensatory and punitive damages is based upon claims that falls under the Texas Commission on Human Rights Act and, therefore, is limited and is governed by §21.2585(d) of the TEXAS LABOR CODE. Accordingly, the Plaintiff's recovery, if any, is limited to the relevant statutory cap pursuant to §21.2585(d) as against Defendant to the extent that the Defendant proves the number of employees it had for the period of time relevant to the Plaintiff's claims, otherwise Plaintiff's damages are capped at the maximum allowed under §21.2585(d) of the TEXAS LABOR CODE.

6. Pleading further in the alternative, as all liability is denied, Defendant avails itself of the limitations on liability applicable under Texas law.

## IV.
## EVIDENCE OF NET LOSS

7. Defendant affirmatively pleads that pursuant to §18.091(a) of the TEXAS CIVIL PRACTICE REMEDIES CODE, to the extent that the Plaintiff seeks recovery for loss of earnings and loss of earning capacity, Plaintiff must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability under federal income-tax law.  Defendant requests that the jury be instructed that any loss of earnings or loss of earning capacity damages the Plaintiff may recover are subject to federal or state income taxes.

## V.
## EXEMPLARY-DAMAGES CAP

8. Pleading further in the alternative, as all liability is denied, Defendant asserts that if Defendant is found liable for exemplary damages, those damages must be capped under the Texas Damages Act, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

## VI.
## PRODUCTION OF DOCUMENTS SELF-AUTHENTICATING

9. Defendant hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant DeSoto Chamber of Commerce prays that upon final hearing hereon, Plaintiff takes nothing by way of her claims against Defendant, that Defendant recover all costs expended on its behalf, and for such other and further relief, both general and special, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By:   /s/ R. Douglas Rees
          **R. DOUGLAS REES**
          State Bar No.: 16700600
          doug.rees@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**DESOTO CHAMBER OF COMMERCE**

## VERIFICATION

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS §

**BEFORE ME**, the undersigned Notary Public, on this day personally appeared R. DOUGLAS REES, being by me duly sworn on his oath deposed and said that he is duly qualified and authorized in all respects to make this Verification and has personal knowledge of the relevant facts; that he has read all paragraphs of Defendant's First Amended Answer and that the statements contained therein are within his personal knowledge and are true and correct.

_____
**R. DOUGLAS REES**

**SUBSCRIBED AND SWORN** to before me on the 3rd day of January, 2020, to certify which witnesses my hand and official seal of office.



MARIAN W PRICE
Notary Public, State of Texas
Notary ID 710704-3
My Commission Exp. 05-04-2023

My Commission Expires:

_____
Notary Public, State of Texas

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of January, 2020, a true and correct copy this document was served on counsel of record via Eservice as follows:

Christine Cane
CANE LAW FIRM LLC
5787 S. Hampton Road
Suite 203
Dallas, Texas 75232
(972) 290.0068
(972) 290-0039 – Fax
ccanelaw@gmail.com


Gerald Bright
David Craft
WALKER BRIGHT P.C.
100 North Central Expressway
Suite 800
Richardson, Texas 75080
(972) 744-0192
(972) 744-0067 (Fax)
Gerald.Bright@wblpc.com
David.Craft@wblpc.com


By: ___/s/ R. Douglas Rees_____
**R. DOUGLAS REES**

2 CIT/ PCT 4

FILED
DALLAS COUNTY
11/27/2019 3:25 PM
FELICIA PITRE
DISTRICT CLERK

JAVIER HERNANDEZ



November 27, 2019

Dallas District Court Clerk
Attn: Clerk of Court

RE:    Shmara Punch v. Desoto Chamber of Commerce, & City of Desoto
       DC-19-18317

Dear Clerk of Court:

Attached please find the petition in this matter.  I have paid for the copies of the petition and also paid the fee in order to have the constable to serve both of the defendants.  Please let me know if anything additional is needed from our office in order to get this served.

Thanks,

/s/ Christine Cane
CANE LAW FIRM, LLC