IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHMARA PUNCH, §
§
        Plaintiff, §
§
VS. § Civil Action No. 3:20-CV-0029-D
§
CITY OF DESOTO, et al., §
§
        Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant DeSoto Chamber of Commerce ("DCC") moves to dismiss the defamation claim of plaintiff Shmara Punch ("Punch") based on the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011 (West 2015). The court denies the motion.[1]

Although DCC does not address this fundamental question in its motion, the TCPA does not apply in this case. The Fifth Circuit has held that "the TCPA does not apply to diversity cases in federal court." *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019); *see Van Dyke v. Retzlaff*, 781 Fed. Appx. 368 (5th Cir. 2019) (per curiam) (applying *Klocke* to

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

case removed based on diversity of citizenship). And it does not matter that this case was removed based on federal question jurisdiction rather than on diversity of citizenship.[2]

Because DCC cannot rely on the TCPA to secure dismissal of Punch's defamation claim, the motion to dismiss is denied.

**SO ORDERED**.

February 10, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2] Although this case was removed based on federal question jurisdiction, *Klocke* nonetheless controls. Punch's state-law defamation claim is "governed by state law operating of its own force." *First S. Fed. Sav. & Loan Ass'n of Mobile, Ala. v. First S. Sav. & Loan Ass'n of Jackson Cty, Miss.*, 614 F.2d 71, 73 (5th Cir. 1980) ("The *Erie* result applies to any issue 'governed by state law operating of its own force,' regardless of the jurisdictional basis." (citation omitted)). Therefore, *Klocke*'s analysis, which relies on the *Erie* doctrine, applies with full force.